# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:25-cr-00469-IM |
| v. | **FINAL JURY INSTRUCTIONS** |
| ORIANA REBECCA KOROL, | |
| Defendant. | |

GIVEN this 13th day of May, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

*Read to jury 5/13/26*
*KJI*

PAGE 1 – FINAL JURY INSTRUCTIONS

## TABLE OF CONTENTS

INSTRUCTION 1: DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW ...................... 3

INSTRUCTION 2: CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF .......................................................................... 5

INSTRUCTION 3: DEFENDANT'S DECISION TO TESTIFY ................................................. 6

INSTRUCTION 4: REASONABLE DOUBT—DEFINED ......................................................... 7

INSTRUCTION 5: WHAT IS EVIDENCE ................................................................................ 8

INSTRUCTION 6: WHAT IS NOT EVIDENCE ...................................................................... 9

INSTRUCTION 7: DIRECT AND CIRCUMSTANTIAL EVIDENCE ..................................... 10

INSTRUCTION 8: CREDIBILITY OF WITNESSES .............................................................. 11

INSTRUCTION 9: RULING ON OBJECTIONS ...................................................................... 14

INSTRUCTION 10: ON OR ABOUT—DEFINED .................................................................... 15

INSTRUCTION 11: ASSAULT ON A FEDERAL OFFICER OR EMPLOYEE ....................... 16

INSTRUCTION 12: SELF-DEFENSE ....................................................................................... 18

INSTRUCTION 13: USE OF FORCE ....................................................................................... 19

INSTRUCTION 14: DUTY TO DELIBERATE ........................................................................ 21

INSTRUCTION 15: CONDUCT OF THE JURY ...................................................................... 23

INSTRUCTION 16: USE OF NOTES ....................................................................................... 25

INSTRUCTION 17: JURY CONSIDERATION OF PUNISHMENT ....................................... 26

INSTRUCTION 18: VERDICT FORM ...................................................................................... 27

INSTRUCTION 19: COMMUNICATION WITH COURT ....................................................... 28

# INSTRUCTION 1: DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

PAGE 3 – FINAL JURY INSTRUCTIONS

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

# INSTRUCTION 2: CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charge beyond a reasonable doubt.

## INSTRUCTION 3: DEFENDANT'S DECISION TO TESTIFY

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

## INSTRUCTION 4: REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilty beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from a lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## INSTRUCTION 5: WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; and

Second, the exhibits which have been received into evidence.

# INSTRUCTION 6: WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

PAGE 9 – FINAL JURY INSTRUCTIONS

# INSTRUCTION 7: DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION 8: CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability. Sometimes a witness may say something that is not consistent with something else he or she said.

Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# INSTRUCTION 9: RULING ON OBJECTIONS

There are rules of evidence that control what can be received in evidence. When a lawyer asked a question or offered an exhibit in evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the question may have been answered or the exhibit may have been received. If I sustained the objection, the question could not be answered, or the exhibit could not be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

# INSTRUCTION 10: ON OR ABOUT—DEFINED

The indictment charges that the offense alleged in Count 1 was committed "on or about" October 12, 2025.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Count 1 of the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

# INSTRUCTION 11: ASSAULT ON A FEDERAL OFFICER OR EMPLOYEE

The defendant is charged in Count 1 of the indictment with assault on a federal officer in violation of Section 111(a) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted Carlos Perez;

Second, the defendant did so while Carlos Perez was engaged in, or on account of his official duties;

Third, the defendant made physical contact; and

Fourth, the defendant did not act in reasonable self-defense.

There is forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another.

A person is a federal employee engaged in his official duties when he is employed by a federal agency and is performing duties that are relevant to the mission of that federal agency, as opposed to engaging in a

PAGE 16 – FINAL JURY INSTRUCTIONS

personal frolic of his own. The defendant does not need to know the victim is a federal officer.

## INSTRUCTION 12: SELF-DEFENSE

The defendant has offered evidence of having acted in self-defense. Use of force is justified when a person reasonably believes that it is necessary for the defense of oneself against the immediate use of unlawful force. However, a person must use no more force than appears reasonably necessary under the circumstances.

The law authorizes law enforcement officers to use force in performing their duties as long as the force is not excessive.

To evaluate whether defendant's belief was reasonable, you must consider what a reasonable person aware of the circumstances then known to the defendant would have believed.

The government must prove beyond a reasonable doubt, with all of you agreeing, that the defendant did not act in reasonable self-defense

## INSTRUCTION 13: USE OF FORCE

A law enforcement officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1)   the nature of the crime or other circumstances known to the officer at the time force was applied;

(2)   whether the defendant posed an immediate threat to the safety of the officer or to others;

(3)   whether the defendant was actively resisting arrest or attempting to evade arrest by flight;

PAGE 19 – FINAL JURY INSTRUCTIONS

(4)    the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5)    the relationship between the need for the use of force and the amount of force used;

(6)    the extent of the defendant's injury;

(7)    any effort made by the officer to temper or to limit the amount of force;

(8)    the severity of the security problem at issue;

(9)    the availability of alternative methods to take the defendant into custody or to subdue the defendant;

(10)    the number of lives at risk (motorists, pedestrians, law enforcement officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent; and

(11)    whether it was practical for the officer to give warning of the imminent use of force, and whether such warning was given.

PAGE 20 – FINAL JURY INSTRUCTIONS

## INSTRUCTION 14: DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

PAGE 22 – FINAL JURY INSTRUCTIONS

# INSTRUCTION 15: CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION 16: USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## INSTRUCTION 17: JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this offense is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

# INSTRUCTION 18: VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

# INSTRUCTION 19: COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.